**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **HABIB U. HATAMI,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:06cv1355** |
| | ) | |
| **MICHAEL CHERTOFF,** | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

In this habeas action, petitioner, Habib U. Hatami, challenges an Immigration Judge's decision to deny him bond during the pendency of his removal proceedings. Respondent has moved to dismiss petitioner's suit for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P. In essence, respondent argues there is no jurisdiction over petitioner's request because

(i)     8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of decisions committed to agency discretion;

(ii)    8 U.S.C. § 1226(e) bars judicial review of any aspect of a bond decision by the immigration courts; and

(iii)   8 U.S.C. § 1252(b)(9) provides that jurisdiction to review a final order of removal and all legal and factual questions arising from actions taken to remove an alien lies in the circuit courts of appeals.

As this matter has now been fully briefed and argued, it is now ripe for disposition. For the reasons that follow, the petition must be dismissed for lack of subject matter jurisdiction pursuant to 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1226(e), and 1252(b)(9).

1

**I.**[1]

The facts may be succinctly stated. Hatami is a native and citizen of Afghanistan. Since 1989 he has been living in the Untied States as a lawful permanent resident. In 2001, Hatami was convicted of domestic assault and battery in Virginia state court. Thereafter, on August 12, 2002, an Immigration Judge ("IJ") determined that this conviction rendered him deportable as an alien convicted of committing a crime of violence for which the term of imprisonment was at least one year. *See* 8 U.S.C. § 1101(a)(43)(F). Thus, following his incarceration on the Virginia state convictions, Hatami was transferred to the custody of Immigration and Customs Enforcement ("ICE") pending removal proceedings.

On January 29, 2003, the Board of Immigration Appeals ("BIA") dismissed Hatami's appeal of the IJ's decision. Then, Hatami requested cancellation of removal. In the interim, the Virginia trial court reduced Hatami's sentence for the domestic assault and battery conviction to a period of less than one year. Thus, on January 25, 2005, the BIA reopened Hatami's removal proceedings and remanded his application for cancellation of removal to the IJ.

The IJ initially granted Hatami's application for cancellation of removal, apparently on the ground of Hatami's reduced state sentence. Thereafter, on February 28, 2006, the BIA reversed the IJ's decision and denied Hatami's request for cancellation of removal. In reaching this decision, the BIA noted that Hatami had multiple convictions in Virginia, as well as a number of arrests that did not result in convictions, and that the violent incident leading to the

---

[1]As defendant challenges subject matter jurisdiction, it is appropriate to consider "the pleadings as mere evidence on the issue and [to] consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Government of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

2

domestic assault and battery conviction was of particular seriousness.[2]  Following this, the BIA,

on May 24, 2006,  granted Hatami's motion for reconsideration of the February 28 decision on

the ground that it had impermissibly engaged in appellate factfinding in the course of reversing

the IJ's decision.

Two months later, Hatami submitted his first bond application, which was denied by the

IJ on July 26, 2006.  Then, on September 1, 2006, his second bond request was denied by the IJ.

Finally, on November 11, 2006, the IJ denied Hatami's third bond request finding

> no change in circumstances since [sic] last order denying release on 07-26-06. DHS has
> made a prima facie showing of dangerousness.  Prior BIA orders also [sic] a facially
> legitimate concern with [Hatami's] behavior.

Throughout this period, Hatami remained in ICE custody.

In summary, it appears that Hatami has now been in ICE custody approximately four

years, has had his bond request denied three times, and continues to resist his removal to

Afghanistan.  The latest round in this dispute is scheduled for January 8, 2007, at which time the

IJ will hear Hatami's application for cancellation of removal.  In essence, Hatami seeks release

on bond so that he may appear personally before the IJ, rather than through video conferencing.

Hatami's principal contention here is that the IJ failed to provide a "meaningful" bond

hearing on his third request because he relied on the government's "bare bones allegations" of

dangerousness.  Hatami also alleges, without record support, that the IJ stated that it would be a

waste of time to order bond because the government could seek an automatic stay of the bond

decision, simply by filing an appeal.

---

[2]In particular, the BIA found that "various witness accounts of the incident – which are
generally consistent – describe [Hatami] pulling his wife down a hallway by her hair and
attempting to punch her in the face while screaming obscenities and threatening to kill her."

The essential question presented, therefore, is whether a federal district court has

jurisdiction where, as here, the petitioner challenges an IJ's bond decision and the adequacy of

the procedures used in reaching that decision.

## II.

Analysis properly begins with 8 U.S.C. § 1226(a), which provides the Attorney General

with discretionary power to grant release on bond in certain circumstances.[3]  In conferring this

discretionary authority on the Attorney General, Congress has divested courts of jurisdiction to

review bond determinations.  In particular, 8 U.S.C. § 1252(a)(2)(B)(ii),[4] makes pellucidly clear

that courts are precluded from reviewing *any discretionary* decision of the Attorney General.[5]

*See, e.g. Chavez v. I.N.S.*, 55 F. Supp. 2d 555, 557 (W.D. La. 1999) (concluding that it lacked

jurisdiction under § 1252(a)(2)(B)(ii) to review Attorney General's discretionary decision to deny

bond under 8 U.S.C. § 1226(a)).  Here, all three of the IJ's bond decisions, made pursuant to 8

---

[3] In particular, § 1226(a) provides that the Attorney General "(1) *may* continue to detain [an] arrested alien; and (2) *may* release the alien on – (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . ."

[4] Specifically, 8 U.S.C. § 1252(a)(2)(B)(ii) states

Notwithstanding any other provision of law (statutory or nonstatutory), including . . . section[] 1361 of [] title [28] . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the discretion of the Attorney General or the Secretary of Homeland Security . . .

[5] *See e.g., Safadi v. Howard*, 2006 U.S. Dist. LEXIS 92722 (E.D. Va. 2006); *El-Khader v. Perryman*, 264 F. Supp.  2d 645, 649(N.D. Ill. 2003) ("The meaning of the statute is clear and unambiguous – it precludes the courts from reviewing *any* discretionary decision"), *aff'd sub nom. El-Khader v. Monica*, 366 F.3d 562 (7th Cir. 2004).

U.S.C. § 1226, clearly involve such discretionary decisionmaking, and hence, § 1252(a)(2)(B)(ii) precludes judicial review of these decisions.  *See id.*

This result is unaffected by Hatami's characterization of the bond determination as a "nondecision" reached without meaningful review.  To begin with, there is nothing in the record to support Hatami's characterization of the IJ's bond determination as a nondecision.  Here, the IJ considered and denied not one, but *three*, bond applications.  In particular, in response to Hatami's second bond request, the IJ denied bond because "based on the record evidence of assault on his estranged wife . . . he is a potential danger to the community."  Apparently relying on this finding, the IJ denied Hatami's third bond request, after a hearing, finding that there was "no change in circumstances."  This conforms with the governing regulations, which provide that "[a]fter an initial bond redetermination, an alien's request for a subsequent bond redetermination . . . shall be considered *only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination*."  8 C.F.R. § 1003.19(e).  In these circumstances, it appears the IJ adhered to the mandated procedures and that Hatami received a meaningful review of his bond petition to the extent contemplated by the regulations.  Given this, § 1252(a)(2)(B)(ii) bars judicial review of the result.

Nor is this result altered by Hatami's attempt to style his claim as a constitutional challenge to the form of the bond hearing.  As long as the challenge is to the form of the bond hearing, § 1252(a)(2)(B)(ii) precludes judicial review.  *See Turkmen v. Ashcroft*, 2006 U.S. Dist. LEXIS 39170, at * 86-87 (E.D.N.Y. 2006) (holding that § 1252(a)(2)(B)(ii) "requires dismissal [] of the plaintiffs' claims that they were denied bond in violation of the Constitution" and in particular, in violation of the Due Process and Equal Protection clauses where there was a

"blanket no-bond policy").  Neither reached, nor decided, here is whether a detainee not subject

to mandatory detention would have a statutory or constitutional claim if denied *any* bond hearing

or consideration at all.  In this regard, it is important to note that Hatami's petition does not

challenge the constitutionality of the statutory framework permitting his detention without bail.

If it did, § 1226(e), discussed below, would not preclude judicial review.  *Denmore v. Kim*, 538

U.S. 510 (2003) (establishing that § 1226(e) does not bar a constitutional challenge to a statute).

Here, however, Hatami's petition is unreviewable because, he challenges not the legislation

establishing the framework for bond decisions, but rather the manner and form of the

"operational decision" to deny his bond application.  *See Loa-Herrera*, 231 F3d at 991

(dismissing petition that challenged the *manner,* including whether the procedure satisfied the

governing regulations and constitution*,* in which the Attorney General's discretionary parole

decision was made); *Denmore*, 538 U.S. at 516 (distinguishing a challenge to a discretionary

decision regarding detention or release, which is not reviewable, from a challenge to the

legislation establishing the framework for those decisions, which may be reviewable).

Nor is § 1252(a)(2)(B)(ii) the only statutory provision that stands in the way of Hatami's

request for judicial review of the denial of his bond request.  In 1226(e) Congress left no room

for doubt that federal district courts have no jurisdiction to review the Attorney General's

discretionary decision to deny bond.  It provides

> The Attorney General's discretionary judgment regarding the application of [§ 1226]
> *shall not be subject to review*.  No court may set aside any action or decision by the
> Attorney General under [§ 1226] regarding the detention or release of any alien or the
> *grant, revocation or denial of bond* or parole.

This statute "plainly divests . . . the Court of authority to review the decision of an immigration

judge . . . regarding detention, release, or the grant, revocation or denial of bond or parole" under § 1226(a) or (b). *Galvez v. Lewis*, 56 F. Supp. 2d 637, 641 (E.D. Va. 1999) (dismissing, pursuant to 8 U.S.C. § 1226(e), petition for review of immigration judge's decision that petitioner was subject to mandatory detention because the decision was in effect an unreviewable denial of bond). Thus, where, as here, petitioner challenges only the decision to deny bond under the statute, § 1226(e) precludes judicial review. *See id.*; *Loa-Herrera v. Trominski,* 231 F.3d 984, 991 (5th Cir. 2000) (finding § 1226(e) precludes judicial review of the "[t]he Attorney General's discretionary judgment regarding the application of parole – including the *manner* in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints").

Finally, quite apart from either 8 U.S.C. § 1252(a)(2)(B)(ii) or 8 U.S.C. § 1226(e), 8 U.S.C. § 1252(b)(9) precludes judicial review of Hatami's petition as well. As the Supreme Court has explained, § 1252(b)(9) is the "unmistakable zipper clause" that consolidates in the court of appeals judicial review of all legal and factual questions arising from actions taken to remove an alien. *See Reno v. AADC*, 525 U.S. 471, 483 (1999). It provides

> Judicial review of *all questions of law and fact,* including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove* an alien from the United States under this title shall be available *only in judicial review of a final order* under this section. . . . No court shall have jurisdiction, by habeas corpus . . . or by any other provision of law to review such an order or such questions of law or fact.

Such review of a formal order of removal rests solely in the courts of appeals. *See* 8 U.S.C. § 1252(a). Here, the denial of bond "appears on its face to arise from action taken to remove" Hatami, and is thus encompassed by § 1252(b)(9). *See Turkmen*, 2006 US Dist. LEXIS, at *75-

76; *Calcano-Martinez v. I.N.S.*, 232 F.3d 328, 340 (2d Cir. 2000) (*aff'd* 533 U.S. 348 (2001))

(explaining that § 1252(b)(9) establishes "exclusive appellate court jurisdiction over claims

arising from any action taken or proceeding to remove an alien, [thus] *all challenges* are

channeled into one petition").

       In summary, not one but three statutes preclude judicial review of Hatami's petition and

the relief sought in this case.  Accordingly, dismissal under Rule 12(b)(1), Fed. R. Civ. P. is

appropriate.

       An appropriate Order will issue.


_____/s/_____

Alexandria, Virginia                  T. S. Ellis, III
December 27, 2006             United States District Judge